IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SANDRA D. BROWNE AND NIGEL BROWNE,<br>Plaintiffs,<br><br>vs.<br><br>SEARS ROEBUCK PUERTO RICO, INC., et al.,<br>Defendants. | Civil No. 19- 1948 (     )<br><br><br>Re: Tort<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** the plaintiffs, Sandra D. Browne and Nigel Browne, represented by the undersigned counsel and very respectfully **STATE, ALLEGE** and **PRAY,** as follows:

### STATEMENT OF JURISDICTION

1. This action arises under 31 L.P.R.A. §§ 5141 et seq., also known as Article 1802 et seq. of Puerto Rico's Civil Code. Pursuant to 28 U.S.C. § 1332, the court has jurisdiction over the parties and subject matter of this dispute because all the parties in either side of this litigation are of diverse citizenship and the amount in controversy between each plaintiff and each defendant, exclusive of interest and cost, exceeds the sum of SEVENTY FIVE THOUSAND DOLLARS ($75,000). Venue lies in this Court pursuant to 28 U.S.C. §1391(b) on the basis that the plaintiffs' claims arose within the judicial district of Puerto Rico.

### PARTIES

2. Plaintiff Sandra D. Browne ("Browne") is a resident of Upper Fiennes Ave, Baseterre, Saint Kitts. Nigel Browne is her husband.

3. Sears Roebuck Puerto Rico, Inc. (hereinafter "Sears"), is a commercial enterprise that sells clothing and other items to the public. Its office is located at 9410 Ave. Los Romeros Ave. 2do. Piso Kmart San Juan, PR 00926. The particular store is located in Plaza Las Americas shopping center in San Juan, Puerto Rico. Upon information and belief, prior to and since 2018, Sears has been a corporation organized and existing under the laws of the state of Puerto Rico.

## FACTS

4. On November 2018 Sandra Browne travelled from Saint Kitts to Puerto Rico to accompany her uncle who previously had a surgery in Pavia Hospital to undergoe regular medical check up at Pavia Hospital and to do shopping for Thanksgiving season.

5. On November 20, 2018 Browne visited the Sears Department Store located at Plaza Las Americas to make some purchases. Browne went to the Shoe Department in the Women's Department and selected two pairs of shoes. She sat down and tried the two pairs, but did not like the style of one of the two pairs and went back and selected another pair which she liked. Then, she went back and sat down, tried the shoes and they fitted so she got up to see if the shoes were comfortable and while walking on the floor she fell. After falling and while still on the floor, she noticed that the floor which was a board tile floor had a defect that caused the fall. The defect was a sunken concave depression in the floor tiles as if something heavy was dropped on it causing the issue.

6. Browne tried getting up, but could not and remained on the floor for a few minutes before crawling back to the seat and managed to get up in the seat. Although Browne was

accompanied by her uncle, he could not assist because he had a Triple by Pass Heart Surgery at Pavia Hospital in San Juan. Browne could not get a store attendant or shopper's attention and her uncle tried to get someone to assist, but he could not. After completing the purchases, Browne took a taxi and went back to the apartment where she was staying and tried taking pain killers due to the fact that she was experiencing such extreme pain that the other family members who were staying with her had to assist her to get to the bathroom. Browne had plans to continue her shopping the following day. But, Browne had to abort her plans as the next day she was suffering extreme pain and tried getting to Walgreens or CVS Pharmacy on Ashford Avenue in the Condado to seek some assistance but was suffering so much pain that she decided to visit the Sears Department Store. She took a taxi to the store and reported the incident to the Store Department Manager, who took a written statement from her, a copy of the sales receipt and assured that she would have the security staff view the tape for the respective evening when Browne fell. The floor manager and security guard were both shown the defect and agreed that it was the cause of her fall.

7. The fall has affected Browne's right knee on which she had surgery two years ago and which had no problem with prior to the fall. Since the fall, Browne has suffered extreme pain and will require another knee surgery. Due to this situation, Browne has not been able to operate her catering business which is her only income and, as a result, Browne has fallen back on her bills.

8. Both Browne and her husband have been seriously affected by this situation. They find themselves immersed in debts that they cannot pay because of the injury suffered by Browne.

3

9. At all relevant times, the DEFENDANT, or its employees, knew, or in the exercise of reasonable care should have known about the dangerous situation posed by the defective floor.

10. At all relevant times, the DEFENDANT, or its employees, failed to assist Browne after she fell.

## DAMAGES

11. DEFENDANT is liable for all the harm that has been caused to Plaintiff Browne which is estimated at no less than $200,000.00. Her husband's damages are estimated at no less than $75,000.

12. Browne has suffered significant emotional, mental and physical pain estimated at no less than $100,000. Her husband has also suffered emotional and mental pain estimated at no less than $75,000.

13. Browne has not been able to work since the fall on November 2018 and has been losing approximately $2,000 monthly in loss earnings.

14. Browne needs a knee surgery that costs $30,000 and therapy with an approximate cost of $7,200.

15. Browne also lost days that she had planned on shopping for needed items in Puerto Rico, including but not limited to hotel and travel fees in which she incurred and could not enjoy fully.

## DEMAND FOR JUDGMENT

WHEREFORE the plaintiff demands judgment against DEFENDANT consisting in the compensation of the emotional, physical and economic damages, legal interest, reasonable attorney's fees, costs of the suit, and such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 3rd day of September, 2019.

*S/José R. Olmo-Rodríguez*
José R. Olmo-Rodríguez
USDC-PR 213405
El Centro I suite 215, SJ PR 00918
Tel. 787.758.3570/787.758.3802
Email. jrolmo1@gmail.com